TERBIETEN *v.* COLUMBIA SCALE COMPANY.

4-2641

Opinion delivered July 11, 1932.

*Roy Gean* and *G. L. Grant,* for appellant.
*Clinton R. Barry,* for appellee.

HUMPHREYS, J. Appellee obtained a judgment for $165 against appellant in the circuit court of Sebastian County, Fort Smith District, for an alleged balance due on the purchase price of a weighing scale purchased by appellee from appellant on order. The scale was sold on the installment plan under written contract, the unpaid purchase money being evidenced by a note. The contract and note were introduced in evidence. The contract contained the following paragraph:

"You may ship me one Columbia weighing scale, freight prepaid. It is sold to me with the understanding that I may return it to you with or without reason at any time within thirty days from date of arrival of the scale, freight collect, instead of paying the purchase price. Should I not ship it back to you by freight only, within thirty days from date of arrival, I will pay you the purchase price, one hundred and ninety-five dollars. Fifteen dollars per month in equal consecutive monthly installments, the first payable thirty days after date of arrival; the remaining installments on the same date of each month thereafter."

Appellant failed to return the scale, and, when this suit was brought for the balance of the purchase money, he interposed the defense that the scale was mechanically

defective and wholly worthless, relying upon an implied warranty in the sale and purchase of the scale that it was reasonably fit for the purpose for which it was intended.

Appellant offered to introduce testimony showing that the scale was worthless, and of no value, on account of mechanical defects therein, which was excluded by the court over his objection and 'exception. The objection and exception, however, was not preserved in his motion for a new trial, and therefore its admissibility cannot be determined by this court on appeal. *Trumbull* v. *Martin,* 137 Ark. 495, 208 S. W. 803; *Blair Milling Company* v. *Jones,* 181 Ark. 1145, 24 S. W. (2d) 319.

Only one ground was assigned by appellant in his motion for a new trial, which is as follows:

"The court erred in peremptorily instructing the jury to return a verdict in favor of the plaintiff."

The note and contract, with evidence to the effect that appellant did not return the scale, constitutes the record in the case, and, upon the record as made, it was the duty of the trial court to peremptorily instruct a verdict against appellant.

No error appearing, the judgment is affirmed.